IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK LAVORATO, III, individually and on behalf of all others situated consumers and debtors with student loans,<br><br>Plaintiff,<br><br>v.<br><br>MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA and SOFI LENDING CORP.,<br><br>Defendants. | Civil Action No. 6:22-cv-06165<br><br>(Removed from Supreme Court of the State of New York, Livingston County; Index No.: 000140-2022)<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant SoFi Lending Corp. ("SoFi"), by and through its attorneys, McGuireWoods LLP, hereby gives notice of removal of this action from the New York State Supreme Court Livingston County to the United States District Court for the Western District of New York. In support of removal, and in accordance with 28 U.S.C. § 1446, SoFi states as follows:

**A.     PROCEDURAL BACKGROUND**

1.     Plaintiff Frank Lavorato, III ("Plaintiff" or "Lavorato") filed a Summons and Complaint in the Supreme Court of the State of New York, Livingston County (the "State Court Action"), on or about March 2, 2022. That case has been assigned Index number 000140-2022. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon SoFi are attached hereto as **Exhibit A at Tab 1**, which includes the Summons and Complaint.

2. Plaintiff also filed an Affidavit of Service for defendant Missouri Higher Education Loan Authority d/b/a MOHELA ("MOHELA") in the same court on or about March 22, 2022. A copy of the Affidavit of Service is attached as **Exhibit A at Tab 2**.

3. Plaintiff also filed an Affidavit of Service for MOHELA in the same court on or about March 22, 2022. A copy of the Affidavit of Service is attached as **Exhibit A at Tab 3**.

4. Plaintiff also filed an Affidavit of Service for SoFi in the same court on or about March 22, 2022. A copy of the Affidavit of Service is attached as **Exhibit A at Tab 4**.

5. Plaintiff also filed another Affidavit of Service for MOHELA in the same court on or about April 4, 2022. A copy of the Affidavit of Service is attached as **Exhibit A at Tab 5**.

6. The documents attached as **Exhibit A at Tab 1** constitute all of the pleadings received by the Defendant in this matter. *See* 28 U.S.C. § 1446(a). Upon information and belief, the documents attached as **Exhibit A**, which are listed on the accompanying Index of Documents Filed in State Court Action, are the only pleadings in the State Court Action, and no further proceedings have occurred therein. *Id*.

7. The court in which Plaintiff's Complaint was filed, the Supreme Court of the State of New York, Livingston County, is located within the Western District of New York. *See* 28 U.S.C. § 1441(a).

8. This Notice of Removal is timely as it is filed within 30 days after the first receipt by SoFi of copies of the initial pleading setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b)(1).

9. Venue is proper in the United States District Court for the Western District of New York because the State Court where the suit was originally filed is located within this District. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

10. Written notice of this Notice of Removal will be promptly filed with the Clerk of the Court for the Supreme Court of the State of New York, Livingston County, and served on all adverse parties through appropriate service means. *See* 28 U.S.C. § 1446(d). A copy of the Notice to State Court and Adverse Parties of Filing of Notice of Removal to Federal Court is attached hereto as **Exhibit B**.

### B. FEDERAL QUESTION JURISDICTION

11. The State Court Action may be removed to this Court if it is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

12. Federal district courts have original jurisdiction over all civil actions "arising under" the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1441(a).

13. In the State Court Action, Plaintiff's Complaint alleges that SoFi and MOHELA violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq. See* Plaintiff's Complaint, ¶¶ 115-153.

14. In the State Court Action, Plaintiff's Complaint further alleges MOHELA violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692f(1), e, e(2)(A), e(10), and d. *See* Plaintiff's Complaint, ¶¶ 212-241.

15. This action thus "arises under" the laws of the United States, satisfying the requirements for federal question jurisdiction.

### C. SUPPLEMENTAL JURISDICTION

16. Where federal question jurisdiction exists over any one of the claims in a removed action, the Court possesses federal jurisdiction over the entire action so long as the accompanying state law claims "form part of the same case or controversy." *See* 28 U.S.C. § 1367(a) (providing that a district court with original jurisdiction over a claim "shall have supplemental jurisdiction over all other claims . . . form[ing] part of the same case or controversy"); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (U.S. 1997) ("[O]nce the case was removed, the District Court had original jurisdiction over ICS' claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute other claims that . . . form part of the same case or controversy.") (quotation omitted).

17. Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005) (quoting *City of Chicago*, 522 U.S. at 165). "A plaintiff's claims derive from a common nucleus of operative fact if the claims are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (quotation omitted).

18. In the State Court Action, Plaintiff's Complaint further alleges claims against SoFi and MOHELA for conversion, unjust enrichment, breach of contract, New York GBL § 349, declaratory judgment, and injunctive relief. *See* Plaintiff's Complaint, ¶¶ 154-211, and 242-299.

19. Plaintiff's claims against Defendants arose from the same set of facts and would ordinarily be expected to be tried together. *Id.* Accordingly, this Court has jurisdiction over

Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

### D. PROCEDURAL REQUIREMENTS

20. By filing this Notice of Removal, SoFi does not admit any of the allegations in the Complaint and does not waive any defenses which may be available to it.

21. SoFi has given the undersigned attorneys authority to sign and file this Notice of Removal.

22. MOHELA has consented to SoFi's filing of this Notice of Removal. A copy of MOHELA's Consent to Removal is attached hereto as **Exhibit C**.

23. Pursuant to Local Rule 81, a civil cover sheet is submitted.

24. Pursuant to Local Rule 81, the necessary filing fees have been paid simultaneously with this Notice of Removal.

25. If any questions arise regarding the propriety of removal of this action, SoFi respectfully requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

**WHEREFORE**, Defendant SoFi Lending Corp., with the consent of Defendant MOHELA, respectfully requests that this action be removed to the United States District Court for the Western District of New York and prays that all further proceedings in this civil action be conducted in the United States District Court for the Western District of New York as provided by law.

Dated: April 6, 2022

Respectfully submitted,

**MCGUIREWOODS LLP**

By: */s/ Philip A. Goldstein*
Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor

New York, NY 10020-1104
T:  (212) 548 2167
F: (212) 715-6275
pagoldstein@mcguirewoods.com

*Attorney for Defendant SoFi Lending Corp.*

Case 6:22-cv-06165-EAW    Document 1    Filed 04/06/22    Page 6 of 7

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 81

Pursuant to Local Civil Rule 81, the undersigned hereby certifies that this action is removable from Supreme Court of the State of New York, Livingston County, to the United States District Court for the Western District of New York under 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and that copies of the notices of removal will be provided to all interested parties.

Dated: April 6, 2022

Respectfully submitted,

McGuireWoods LLP

*/s/ Philip A. Goldstein*
*Attorney for Defendant SoFi Lending Corp.*