# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

FRANK LAVORATO, III, individually and on behalf of all others situated consumers and debtors with student loans,

        Plaintiff,

    v.

MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA and SOFI LENDING CORP.,

        Defendants.

Civil Action No. 6:22-cv-06165

(Removed from Supreme Court of the State of New York, Livingston County; Index No.: 000140-2022)

## INDEX OF DOCUMENTS FILED IN STATE COURT ACTION

The documents filed in the State Court Action are as follows and are attached hereto at Tabs 1 through 5.

| No. | Document | Date of Filing |
|---|---|---|
| 1 | Summons and Complaint | March 2, 2022 |
| 2 | Affidavit of Service upon Missouri Higher Education Loan Authority d/b/a MOHELA | March 22, 2022 |
| 3 | Affidavit of Service upon Missouri Higher Education Loan Authority d/b/a MOHELA | March 22, 2022 |
| 4 | Affidavit of Service upon SoFi Lending Corp. | March 22, 2022 |
| 5 | Affidavit of Service upon Missouri Higher Education Loan Authority d/b/a MOHELA | April 4, 2022 |

Dated: April 6, 2022               Respectfully submitted,

                             **McGuireWoods LLP**

                             */s/ Philip A. Goldstein*
                             *Attorney for Defendant SoFi Lending Corp.*

# EXHIBIT A
## TAB 1



**Andrea K. Bailey, County Clerk**
Livingston County Government Center
6 Court Street, Room 201
Geneseo, New York  14454
(585) 243-7010 ~ Fax (585) 243-7928

# Livingston County Clerk Recording Page

**Received From:**

    GREGORY ADAM GOODMAN
    380 BROADWAY SUITE 305
    JERICHO, NY 11753

**Return To:**

    GREGORY ADAM GOODMAN
    380 BROADWAY SUITE 305
    JERICHO, NY 11753

Document Type: **CIVIL ACTION - MISC**

Document Desc: **SUMMONS + COMPLAINT**

| Plaintiff |
| --- |
| LAVORATO FRANK  III<br>   *individually and on behalf of all others situated consumers and debtors with student loans,* |

| Defendant |
| --- |
| MISSOURI HIGHER EDUCATION LOAN AUTHORITY<br>   *d/b/a MOHELA and*<br>SoFi LENDING CORP., |

| Recorded Information: |
| --- |
| Index #: 000140-2022 |

State of New York
County of Livingston

EFiling through NYSCEF

*signature*

Livingston County Clerk

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF LIVINGSTON

**Index No.**

---

FRANK LAVORATO, III, individually and on behalf of all others situated consumers and debtors with student loans,

**SUMMONS**

Plaintiff,

**Date Purchased**:

-Against-

MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA and SoFi LENDING CORP.,

The basis of the venue designated is Plaintiff's Residence: Livonia, NY 14487

Defendant.

Plaintiff designates LIVINGSTON COUNTY as the place of trial.

---

To the above-named defendant:

**YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: March 2, 2022

Defendant's Address:
MISSOURI HIGHER EDUCATION LOAN
AUTHORITY d/b/a MOHELA
c/o Corporation Service Company
80 State Street
Albany, NY 12207 – 2543

SoFi LENDING CORP.
375 Healdsburg Avenue, Suite 280
Healdsburg, CA 95448

By: Gregory Goodman, Esq.
The Law Office of Gregory A. Goodman, P.C.
Attorneys for the Plaintiff
380 North Broadway, Suite 305
Jericho, New York 11753
(516) 597-5840 | 631) 656-8180 (Office)
(866) 415-1019 (Facsimile)
ggoodman@gganylaw.com

File No.: D-1326 (Lavorato)

FILED: LIVINGSTON COUNTY CLERK 03/02/2022 11:33 AM
NYSCEF DOC. NO. 1
INDEX #: 000140-2022
Index #: 000140-2022
Case 6:22-cv-06165-EAW   Document 1-1   Filed 04/06/22   Page 6 of 65
RECEIVED NYSCEF: 03/02/2022

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF LIVINGSTON

Index No.

FRANK LAVORATO, III, individually and on behalf of all others situated consumers and debtors with student loans,

Plaintiff,

-Against-

MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA and SoFi LENDING CORP.,

Defendant.

**VERIFIED COMPLAINT**

**Plaintiff Demands Trial By Jury**

Plaintiff, individually and on behalf of all others situated consumers and debtors with student loans, by his attorney, THE LAW OFFICE GREGORY A. GOODMAN, P.C., as and for a cause of action, complaining of defendant herein, respectfully shows to this Court and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by their counsel, as follows:

## NATURE OF ACTION

1.     Plaintiff is a consumer and a recipient of the William D. Ford Direct Loan Program ("U.S. Direct Loan Program") student loans.  In August 2019, Plaintiff was diagnosed with metastatic stage IV gastroesophageal juncture adenocarcinoma. Plaintiff has been receiving chemotherapy every 2-3 weeks since August 2019.  Plaintiff will continue to have some form of chemotherapy for the rest of his life.  Plaintiff has a permanent disability and this disease will ultimately take his life.   The prognosis for metastatic stage IV gastroesophageal juncture adenocarcinoma cancer is on the average of 6 to 12 months.

2.     Plaintiff has been determined to be 100% disabled by the United State Social Security Administration.

3.      At all times relevant herein, Plaintiff's student loans were assigned to Defendant SoFi LENDING CORP (at times also referred to as "SoFi") and were processed and serviced by Defendant SoFi LENDING CORP's third party service vendor, Defendant MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA (at times also referred to as "MOHELA").

4.      At or about 2012, Defendants offered, and Plaintiff accepted and enrolled in Defendants' auto pay program and was guaranteed by Defendants to obtain a .25% interest rate reduction on each monthly payment.

5.      For nearly 10 years, Defendants breached the auto pay agreement and systematic electronically withdrew and transferred monies from Plaintiff's bank account through the auto payment feature to Defendants and failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

6.      This action is commenced by Plaintiff individually, and on behalf of all others situated consumers and debtors with student loans, pursuant to The Electronic Funds Transfer Act 15 U.S.C. §1693 *et seq*. based on Defendants' unlawful electronic transfer of Plaintiff's funds from Plaintiff's Banking Account to Defendants.

7.      This is also an action whereby Plaintiff individually, and on behalf of all others situated consumers and debtors with student loans, seek damages as a result Defendants MOHELA's and SoFi's breach of contract, unjust enrichment, and conversion by systematically and improperly overcharging Defendants and others situated consumers and debtors with student loans who were enrolled in Defendants' autopay program and failing to provide plaintiffs with the agreed upon interest reduction and by continuing to charge interest rates to debtors enrolled in auto pay during the COVID-19 pandemic.

8.      This action further seeks relief pursuant to New York GBL § 349 based on Defendants MOHELA's and SoFi's deceptive acts and practices which seek to defraud Plaintiff and other similar situated consumers and the public at large by improperly overcharging Defendants and others situated consumers and debtors with student loans who were enrolled in Defendants' autopay program and by failing to provide them with the agreed upon interest reduction and based on Defendant's egregious refusal to grant plaintiff  a "Total and Permanent Disability Loan Discharge" (TPD) on his student loan debt after being advised in writing and after being provide proof that Plaintiff was permanently disabled based upon his terminal illness.

9.      This action also arises out of Defendant MOHELA's multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA), (hereafter the "FDCPA").

10.     This action also seeks a declaratory judgment stating that plaintiff, who has been suffering from a terminal illness after being diagnosed with stage IV esophageal cancer,  qualifies for the "Total and Permanent Disability Loan Discharge" (TPD) of his student loan debt and that his student loans should be discharged.

11.     This action also seeks damages based on Defendant's for wantonly and maliciously denying Plaintiff a Total and Permanent Disability Loan Discharge.

12.     This actions further seeks general, specific, compensatory, actual and punitive damages, including restitution, costs, and reasonable attorney's fees in an amount to be proven at trial under the statutory authorities set forth herein, including 15 U.S.C. §1693, 15 U.S.C. §§ 1692 et seq. (FDCPA) and New Yok GBL § 349.

13.     Finally, this action seeks a preliminary and permanent injunction ordering Defendants to cease and desist from collecting payment during the pendency of this proceeding and from engaging in the unfair, unlawful, and/or fraudulent business practices alleged herein.

File No.: D-1326 (Lavorato)

## JURISDICTION AND VENUE

14.     This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

15.     This case is brought within two year of the violations in compliance with the statute of limitations at N.Y. Gen. Bus. Law § 380-n.

16.     This case is timely commenced within the three-year statute of limitation period for violations of New York GBL § 349.  CPLR 214(2).

17.     Venue lies properly in this district since (1) Plaintiff resides in LIVINGSTON County and the State of New York and Defendant SoFi is registered with the New York Department of State; (2) the activities the acts and transactions occurred in LIVINGSTON County and the State of New York and (3) Defendants and their agents transact business in LIVINGSTON County and the State of New York.

18.     This action has jurisdiction in New York State Supreme Court, County of LIVINGSTON, and in Federal Court, if removed, pursuant to Article III of the United State Constitution in that actual damages are asserted in this matter.  *TransUnion LLC v Ramirez*, 141 S Ct 2190, 210 L Ed 2d 568 (2021).

19.     Venue lies properly in this district and this Court has personal jurisdiction over Defendant since (1) Plaintiff resides in LIVINGSTON County and the State of New York and (2) Defendant maintains principal place of business in the State of New York, located at 299 Park Ave, New York, NY 10017, (3) all acts, transaction and activities occurred in LIVINGSTON County and the State of New York, and (4) Defendants and their agents regularly solicits and conducts the business at issue in this Complaint within the State of New York and regularly transact business in LIVINGSTON County and the State of New York.

Case 6:22-cv-06165-EAW   Document 1-1   Filed 04/06/22   Page 10 of 65

20.     This Court has jurisdiction here in New York State over this action pursuant to Article 9 of the CPLR and in Federal Court if removed, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action where a substantial number of the members of the proposed class of plaintiffs are citizens of a state different from Defendant and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs.

21.     This Court has jurisdiction over Plaintiffs' related state and common law claims pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

## CLASS ALLEGATIONS

22.     Plaintiff brings these claims for relief as a Class Action pursuant to Article 9 of the CPLR, on behalf of all similarly situated individuals in the State of New York.

23.     This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated individuals, and judgment debtors in the State of New York.

24.     All said persons, including the Named Plaintiff, are at times also referred to herein as the "Class."

25.     The proposed Class is so numerous that joinder of all members is impracticable.

26.     That similarly situated matters are subject to this class and could possibly join this lawsuit is class certification is permitted.

27.     Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are thousands of other judgment debtors wherein Defendants are by systematically and improperly charging Defendants and others situated consumers and debtors with student loans who were enrolled in Defendants' autopay program and failing to provide them with the agreed upon interest reduction and by continuing to charge interest rates to debtors have

failed to provide debtors with the agreed upon auto pay discount and overcharged said debtors and continued to charge interest and collection from debtors through auto payments during the COVID-19 pandemic and moratorium and for wantonly and maliciously denying Plaintiff Total and Permanent Disability Loan Discharge and failing to give Plaintiff "administrative forbearance" continuing to collect monies that should have been discharged. Auto-debit payments were automatically suspended when the payment pause began. a suspension of loan payments    a 0% interest rate administrative forbearance and members of the purported Class who's rights were violated and affected by Defendants' scheme set forth herein, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

28.    There are questions of law and fact common to the Class which predominates over any questions affecting only individual members of the Class which have been articulated herein and above.

29.    The claims of the Named Plaintiff are typical of the claims of the Class.

30.    The Named Plaintiff and the other members of the Class were all subject to Defendants' policies and willful practices.

31.    The Named Plaintiff and the other members of the Class thus have sustained similar injuries because of the Defendants' actions.

32.    The Named Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

33.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34.     The Named Plaintiff and other members of the Class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## PARTIES

### PLAINTIFF

35.     Plaintiff, FRANK LAVORATO, III, is an adult over the age of 18.

36.     Plaintiff resides in Livonia, NY, 14487, County of LIVINGSTON, State of New York and are consumers.

37.     Plaintiff is a natural person.

38.     Plaintiff is a consumer and is a member of the putative class defined herein and has been a consumer and customer of Defendants at all time mentioned herein.

39.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

40.     Plaintiff FRANK LAVORATO, III is suffering from a terminal illness and has been diagnosed with stage IV esophageal cancer.

41.     Plaintiff was a recipient of the William D. Ford Direct Loan Program ("U.S. Direct Loan Program") student loans, which were assigned to Defendant SoFi LENDING CORP (hereinafter referred to as "SoFi") and are processed and serviced by Defendant SoFi LENDING CORP's third party service vendor, Defendant MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA (hereinafter referred to as "MOHELA").

42.     On August 20, 2020, as a result of his terminal illness and diagnosis, Plaintiff has been determined by both the Social Security Administration to be 100% disabled.

43.     Plaintiff's sole sources of income derives from disability benefits.

**DEFENDANT MOHELA**

44.     Upon information and belief, Defendant MOHELA is a Missouri corporation and a nationwide federal student loan servicer with its principle corporate headquarters located at 633 Spirit Drive, Chesterfield, MO 63005.

45.     Defendant MOHELA is a "person" as defined by 15 U.S.C. § 1681a(b).

46.     Defendant MOHELA is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) since it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate.

47.     Defendants MOHELA is  a "financial institution" as defined by 15 U.S.C. § 1693a(8), which directly or indirectly holds accounts belonging to consumers, including plaintiffs and members of the Class.

48.     Defendants MOHELA is a financial institution as a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person who, directly or indirectly, holds an account belonging to a consumer. 15 U.S.C. § 1693a(9).

49.     Defendants MOHELA is a "person" as defined by The Electronic Funds Transfer Act [15 U.S.C. § 1693 ET seq., which holds accounts belonging to its customers.

50.     Defendant MOHELA operates a nationwide student loan serving and debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of New York.

51.     Upon information and belief, Defendant MOHELA ONE is a foreign corporation doing business in the State of New York and or is otherwise subject to the jurisdiction of the Courts of the State of New York.

52.     At all times herein mentioned, Defendant MOHELA expected, or should have reasonably expected its acts and business activities to have consequences within the State of New York.

53.     Its principal, if not sole, business purpose is the serving and collection of student loan debts originated by others.

54.     Defendant MOHELA is a business entity and collection agency regularly engaged in the business of nationwide federal student loan servicer and collecting debts in the State of New York.

55.     Upon information and belief, at all times herein mentioned, Defendant MOHELA conducted business within the State of New York, County of LIVINGSTON.

56.     Defendant MOHELA regularly collects or attempts to collect debts asserted to be owed to others, including collecting and engaging in business in the State of New York, County of Livingston.

57.     Defendant MOHELA is regularly engaged in the nationwide federal student loan servicing and collection of debts owned by others.

58.     The principal purpose of Defendant MOHELA's business is the collection of such debts.

59.     Defendant MOHELA uses the mails in its debt collection business.

60.     Defendant MOHELA uses the telephone in its debt collection business.

61.     Defendant MOHELA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

Case 6:22-cv-06165-EAW   Document 1-1   Filed 04/06/22   Page 15 of 65

## DEFENDANT SoFi LENDING CORP.

62.     Defendant SoFi is a foreign corporation with a principal place of business in San Francisco, CA.

63.     On information and belief, Defendant SoFi. is a foreign corporation with a principal place of business in 375 Healdsburg Avenue, Suite 280,, Healdsburg, CA 95448 and is registered with the New York State, Department of State, Division of Corporations c/o Corporation Service Company,  80 State Street, Albany, NY 12207 – 2543.

64.     Defendant SoFi transacts business throughout the State of New York and LIVINGSTON county.

65.     Upon information and belief, Defendant SoFi is a foreign corporation doing business in the State of New York and or is otherwise subject to the jurisdiction of the Courts of the State of New York.

66.     Defendants SoFi is  a "financial institution" as defined by 15 U.S.C. § 1693a(8), which directly or indirectly holds accounts belonging to consumers, including plaintiffs and members of the Class.

67.     Defendants SoFi is a financial institution as a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person who, directly or indirectly, holds an account belonging to a consumer. 15 U.S.C. § 1693a(9).

68.     Defendants SoFi is a "person" as defined by The Electronic Funds Transfer Act [15 U.S.C. § 1693 ET seq., which holds accounts belonging to its customers.

69.     At all times herein mentioned, Defendant SoFi expected, or should have reasonably expected its acts and business activities to have consequences within the State of New York.

70.     Defendant SoFi owns assigned U.S. Direct Loan Program.

71.     Defendant SoFi owns Plaintiff's U.S. Direct Loan debt.

72.     Defendant SoFi Has commenced hundreds of cases as a plaintiff in New York Supreme Courts and via through the NYSCEF - New York State Courts Electronic Filing averring that they maintain New York State jurisdiction.

73.     Defendant SoFi had a contract with Plaintiff and offered Plaintiff 0..25% discount to enroll in its auto pay program.

## FACTUAL ALLEGATIONS

74.     Plaintiff FRANK LAVORATO, III was the recipient of student loans from the William D. Ford Direct Loan Program ("U.S. Direct Loan Program").

75.     Upon information and belief, Plaintiff originally locked into an interest with U.S. Direct Loan Program at about 7.5%.

76.     Upon information and belief, Plaintiff's student loans were eventually assigned to Defendant SoFi LENDING CORP.

77.     Upon information and belief, SoFi LENDING CORP. hired and contracted with third party service vendor Defendant MOHELA to service and to collect the student loan debt from Plaintiff individually and on behalf of all others situated consumers and debtors with student loans.

78.     Once said student loans were assigned to Defendants, Defendant started sending monthly invoices and sought to collect the debt from Plaintiff.

79.     On or about 2012, Defendants approached Plaintiff to refinance his student loans and offered Plaintiff an interest rate at 5.99%.

80.     Defendant further offered Defendant a 0.25% interest rate discount if he enrolled in defendants' autopay program.

81.     Defendants offered and Plaintiff accepted Defendants' refinancing offer and enrolled in Defendants auto pay program and was guaranteed by Defendants to obtain a .25% reduction on his interest rate., which would be 5.74% interest rate.

82.     Plaintiff abided by his side of the agreement whereby automatic payments were taken directly out of Plaintiff's checking account by Defendants.

83.     Plaintiff never missed a monthly payment.

84.     Plaintiff never received any notice of a late payment.

85.     Plaintiff never breached the autopayment agreement.

86.     In August 2019, Plaintiff was diagnosed with stage IV esophageal cancer.

87.     Once being diagnosed with this terminal illness, Plaintiff commenced to undergo aggressive treatment, including chemotherapy.  As a result, Plaintiff was unable to work.

88.     On August 20, 2020, as a result of his terminal illness and diagnosis, Plaintiff was determined by the Social Security Administration to be 100% disabled.

89.     Plaintiff's sole sources of income derives from disability benefits.

90.     In December 2020, Plaintiff reviewed his credit and payment history with Defendants and discovered that Defendants Sofi's and MOHELA's had been systematically and unlawfully electronically transferring every month out of Plaintiff's banking account payments at an interest rate of 5.99%. rather than the agreed upon rate of 5.74%.

91.     Plaintiff discovered that for nearly 10 years, Defendants had breached auto pay agreement and systematic withdrew monies from Plaintiff's bank account through the auto payment feature and Defendant failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

92.     At all times mentioned herein, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein

93.     Defendants acknowledged the misconduct and unlawful electronic transfer, but at no time did Defendants reimburse Plaintiff.

94.     Defendants' agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, acknowledged to Plaintiff that Plaintiff had been overcharged.

95.     Instead of remedying this situation, Defendants' agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, stated to Plaintiff that since he was suffering from a terminal illness, he should seek to get his loan forgiven and discharged rather than seek to collect on the amounts of being overcharged by Defendants and stated that Plaintiff would certainly qualify for loan forgiveness given his terminal illness and disability.  Defendants suggested that Plaintiff not focus on the recovery of being overcharged and instead Defendant recommended that Plaintiff submit an application for a "Total and Permanent Disability Loan Discharge" of his student loans.

96.     Defendants' actions were deceptive, dishonest and designed to further deceive and misdirect Plaintiff from seeking a recovery of Defendants' unlawful electronic transfer of monies out of plaintiff's account, which was without authorization and permission and not the amount agreed to by the parties.

97.     Plaintiff then applied for a "Total and Permanent Disability Loan Discharge" (TPD) on his student loan debt based on his being permanently disabled based upon his terminal illness.

98.     Defendants' approved and then denied Plaintiff's application for a TPD.

Case 6:22-cv-06165-EAW   Document 1-1   Filed 04/06/22   Page 19 of 65

99.     Defendants', through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, were acting malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

100.    Defendant submitted his application for the Total and Permanent Disability Discharge of Federal Student Aid.

101.    Defendants initially informed Plaintiff that his application had been approved.

102.    On January 18, 2022, Plaintiff was informed that his application was denied. Defendants sent Plaintiff an email stating in sum and substance the following:

> The TPD application outlines the requirements of the conditional approval and cites that a financial determination will be made to assess final discharge. It also states that if a member is receiving income, independent of their ability to work, that exceeds the poverty guideline for a family of two in your state of residence, the loan will not be approved for discharge.
>
> Unfortunately, at this time, you do not meet these requirements.

103.    Then Plaintiff was granted a loan forbearance while the defendants reconsidered his application.

104.    During the loan forbearance period, Defendants continued to harass and contact Plaintiff informing him he still needed to make payments otherwise his credit would be affected.

105.    15 U.S. Code § 1692f regulates unfair practices for debt collection and states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

106.    In particular, 15 U.S. Code § 1692f (1) states in pertinent part that it is unlawful to collect  any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

107.    15 U.S. Code § 1692e regulates false or misleading representations by debt collectors and states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

108.    In particular, 15 U.S. Code § 1692e (1)(e) further states in pertinent part that it is unlawful to seek collection and falsely represent "the character, amount, or legal status of any debt".

109.    For nearly 10 years, Defendant MOHELA violated 15 U.S. Code § 1692f and 15 U.S. Code § 1692f (1) as a debt collection for Defendant Sofi by using unfair or unconscionable means in collecting the debt from Plaintiffs.   Defendant MOHELA unlawfully collecting ..25% more than the agreed upon debt per month by systematically withdrawing monies from Plaintiff's bank account through the auto payment feature and Defendant failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

110.    For nearly 10 years, Defendant MOHELA violated 15 U.S. Code § 1692e and 15 U.S. Code § 1692e (1)(e) as a debt collection for Defendant Sofi by using false or misleading representations in collecting the debt from Plaintiffs and falsely representing "the character, amount, or legal status of any debt" when  Defendant MOHELA unlawfully collected ..25% more than the agreed upon debt per month by systematically withdrawing monies from Plaintiff's bank account through the auto payment feature and Defendant failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

111.    All of the above-described collection actions made to Plaintiff by Defendant MOHELA were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., including 15 U.S.

Code § 1692f and 15 U.S. Code § 1692f (1) and 15 U.S. Code § 1692e and 15 U.S. Code § 1692e (1)(e), amongst others.

112.    Defendant MOHELA knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

113.    At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

114.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

**FIRST CAUSE OF ACTION
AGAINST ALL DEFENDANTS
(Violation of The Electronic Funds Transfer Act
[15 U.S.C. § 1693 ET seq.])**

115.    Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

116.    Defendants Sofi's and MOHELA's actions as set forth herein violate the Electronic Funds Transfer Act ("EFTA").

117.    The EFTA "provide[s] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b).

118.    An "'electronic fund transfer' means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic

terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." 15 U.S.C. § 1693a(6).

119.     Defendants Sofi's and MOHELA's systematically and unlawfully electronically transferring every month out of Plaintiff's banking account payments at an interest rate of at 5.99%. rather than the agreed upon rate of 5.74%.

120.     At all times mentioned herein, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein

121.     Defendants acknowledged the misconduct and unlawful electronic transfer, but at no time did Defendants reimburse Plaintiff.

122.     Defendants' agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, acknowledged to Plaintiff that Plaintiff had been overcharged.

123.     Instead of remedying this situation, Defendants' agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, stated to Plaintiff that since he was suffering from a terminal illness, he should seek to get his loan forgiven and discharged rather than seek to collect on the amounts of being overcharged by Defendants and stated that Plaintiff would certainly qualify for loan forgiveness given his terminal illness and disability.  Defendants suggested that Plaintiff not focus on the recovery of being overcharged and instead Defendant recommended that Plaintiff submit an application for a "Total and Permanent Disability Loan Discharge" of his student loans.

124.     Plaintiff then applied for a "Total and Permanent Disability Loan Discharge" (TPD) on his student loan debt based on his being permanently disabled based upon his terminal illness.

125.    Defendants' approved and then denied Plaintiff's application for a TPD.

126.    Defendants', through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, were acting malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

127.    Defendant submitted his application for the Total and Permanent Disability Discharge of Federal Student Aid.

128.    Defendants initially informed Plaintiff that his application had been approved. On January 18, 2022, Plaintiff was informed that his application was denied.

129.    Defendants Sofi's and MOHELA's above mentioned conduct constitutes an electronic fund transfer.

130.    A "financial institution" includes people "who, directly or indirectly, hold an account belonging to a consumer". 15 U.S.C. § 1693a(8).

131.    A "consumer" is "a natural person". 15 U.S.C. § 1693a(5).

132.    Defendants SOFI AND MOHELA are financial institutions within the meaning of the EFTA, and Plaintiff and the Class are consumers protected by the EFTA.

133.    The EFTA provides that "The terms and conditions of electronic fund transfers involving a consumer's account shall be disclosed at the time the consumer contracts for an electronic fund transfer service...". 15 U.S.C. § 1693(c)(a).

134.    Such disclosures include "(3) the type and nature of electronic fund transfers which the consumer may initiate, including any limitations on the frequency or dollar amount of such transfers...; (4) any charges for electronic fund transfers or for the right to make such transfers." 15 U.S.C. § 1693(c)(a)(3)-(4).

135.    The EFTA further provides that "an error consists of a consumer's request for additional information or clarification concerning an electronic fund transfer. 15 U.S.C. § 1693(f)(f).

136.    If a consumer documents an alleged error in his or her account, and the financial institution determines that there was an error, "it shall promptly, but in no event more than one business day after such determination, correct the error...including the crediting of interest where applicable." 15 U.S.C. § 1693(f)(b).

137.    If the financial institution determines that there was no error, "it shall deliver or mail to the consumer an explanation of its findings within 3 business days after the conclusion of its investigation, and upon request of the consumer promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur." 15 U.S.C. § 1693(f)(d).

138.    Furthermore, "no writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this subchapter." 15 U.S.C. § 1693(1).

139.    Plaintiffs and upon information belief, the Class, have requested from Defendant SOFI AND MOHELA to provide additional information or clarification concerning electronic fund transfers of money into their accounts that is subsequently held and thereafter permanently seized by Defendant SOFI AND MOHELA for its own use. Defendant SOFI AND MOHELA has failed to comply with 15 U.S.C. § 1693.

140.    Defendant has failed to comply with 15 U.S.C. § 1693(f)(d) and refused to reimburse Plaintiffs and the Class with any explanation or reasons for the failure to comply, and

Defendant SOFI AND MOHELA permanently converted and retained this money for Defendant Sofi's and MOHELA's own use, in violation of the EFTA.

141.     Financial institutions are "liable to a consumer for all damages proximately caused by the financial institution's failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer." 15 U.S.C. § 1693(h)(a)(1).

142.     Additionally, based on the conduct alleged herein, Defendant SOFI AND MOHELA has violated and failed to comply with sections of the EFTA including but not limited to the following: 15 U.S.C. §§ 1693(c)(a)(2), 1693(g), 1693(f)(a), 1693(f)(c), 1693(m).

143.     Defendant SOFI AND MOHELA is covered and regulated by the ETA.

144.     The EFTA defines a financial institution as a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person who, directly or indirectly, holds an account belonging to a consumer." 15 U.S.C. § 1693a(9).

145.     Defendant SOFI AND MOHELA is a "person" under the EFTA which holds accounts belonging it its customers.

146.     The EFTA is a consumer protection statute intended to protect consumers who use electronic fund transfers, which is precisely what Defendant SOFI AND MOHELA does.

147.     Business users are consumers. There is no logic or reason to conclude that only purchasers of products intended for their own personal use are protected by the EFTA.

148.     The EFTA was enacted "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b).

149.    These obligations apply to Defendants.

150.    The EFTA was meant to protect and regulate financial institutions like Defendants.

151.    15 U.S.C. § 1693a(2) specifies that accounts subject to the EFTA must be "established primarily for personal, family, or household purposes".

152.    For the foregoing reasons, Defendant violated 5 U.S.C. § 1693m (a) which states that any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of—(1)any actual damage sustained by such consumer as a result of such failure; (2) (A)in the case of an individual action, an amount not less than $100 nor greater than $1,000; or (B)in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant; and (3)in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

153.    Additionally, Plaintiff should be entitled to actual and punitive damages.  As a result of Defendants' egregious actions, omissions, and inaction, Plaintiff has suffered damage by loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions. Plaintiff has further spent countless hours and suffered pecuniary loss in

attempting to work with Defendant to remedy the actions set forth herein this complaint and Defendant has been obstinate, indifferent, and deceptive.

## SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## (CONVERSION)

154.    Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

155.    Conversion is the "unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights" State v Seventh Regiment Fund, Inc., 98 NY2d 249, 259 [2002].

156.    Conversion occurs when funds designated for a particular purpose are used for an unauthorized purpose.

157.    Tangible personal property or specific money must be involved.

158.    Money, if identifiable, may be the subject of a conversion action.

159.    In December 2020, Plaintiff reviewed his credit and payment history with Defendants and discovered that Defendants had been systematically taking out of Plaintiff's account through auto pay payment and overcharging Plaintiff and interest of at 5.99%.

160.    Plaintiff discovered that for nearly 10 years, Defendants had breached auto pay agreement and systematic withdrew monies from Plaintiff's bank account through the auto payment feature and Defendant failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

161.    At all times mentioned herein, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein

162.   Defendants acknowledged that they improperly overcharged Plaintiff, but at no time did Defendants reimburse Plaintiff.

163.   Defendants' agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, acknowledged to Plaintiff that Plaintiff had been overcharged.

164.   All of the funds electronically transferred from Mr. Plaintiff's account over the course of 10 years were owned exclusively by Plaintiff and Defendant did not have permission or authorization to transfer said funds.

165.   Plaintiff had sole legal ownership or an immediate right of possession to the money in his account that was electronically transferred and Defendant exercised an unauthorized dominion over Plaintiff's money in his account to the exclusion of the plaintiff's right.

166.   Defendant engaged in an unauthorized assumption and exercise of the right of ownership over goods belonging to Plaintiff to the exclusion of the Plaintiff's rights.

167.   Plaintiff requested that he be refunded and paid all monies collected for the last 10 years, together with interest.

168.   Defendant has refused to reimburse Plaintiff.  Instead, Defendant deceptively recommended that Plaintiff should apply for a loan discharged based on his terminal illness and that he should not worry about recovering the monies that Defendant unlawfully electronically transferred out of his bank account.

169.   As a result, Plaintiff should be entitled to recovery of all monies collected for the last 10 years which were monthly taken out of his account above the agreed upon contractual agreement from Defendant, together with interest commencing from the date of seizure and or possession and electronic transfer.

170.     Additionally, Plaintiff should be entitled to actual and punitive damages.  As a result of Defendants' egregious actions, omissions, and inaction, Plaintiff has suffered damage by loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to work with Defendant to remedy the actions set forth herein this complaint and Defendant has been obstinate, indifferent, and deceptive.

### THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (UNJUST ENRICHMENT)

171.     Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

172.     Unjust enrichment recovery is available not only where there has been an actual benefit to the other party but, in the instance of a wrongdoing defendant, to restore the plaintiff's former status, including compensation for expenditures made in reliance upon defendant's representations".  Martin H. Bauman Assoc. v. H & M Intl. Transp., 171 A.D.2d 479, 484 [1991].

173.     That Defendant was enriched by unlawfully electronically transferring out of Plaintiff's account through auto pay payment and overcharging Plaintiff and interest of at 5.99% rather than agree upon rate of 5.74% per month for 10 years.

174.     Plaintiff discovered that for nearly 10 years, Defendants had breached auto pay agreement and systematic withdrew monies from Plaintiff's bank account through the auto

payment feature and Defendant failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

175.    That it is against equity and good conscience to permit Defendants to retain what is rightfully Plaintiff's

176.    All of the funds seized and electronically transferred from Mr. Plaintiff's account over the agreed upon rate were owned exclusively by Plaintiff and Defendant did not have permission or authorization to transfer said funds.

177.    Plaintiff requested that he be refunded and paid all monies collected for the last 10 years, together with interest.

178.    Defendant has refused to reimburse Plaintiff.  Instead, Defendant deceptively recommended that Plaintiff should apply with a loan discharged based on his terminal illness and that he should not worry about recovering the monies that Defendant unlawfully electronically transferred out of his bank account.

179.    As a result, Plaintiff should be entitled to recovery of all monies collected for the last 10 years which were monthly taken out of his account above the agreed upon contractual agreement from Defendant, together with interest commencing from the date of seizure and or possession and electronic transfer.

180.    Additionally, Plaintiff should be entitled to actual and punitive damages.  As a result of Defendants' egregious actions, omissions, and inaction, Plaintiff has suffered damage by loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other

negative emotions. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to work with Defendant to remedy the actions set forth herein this complaint and Defendant has been obstinate, indifferent and deceptive.

### FOURTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (BREACH OF CONTRACT)

181.    Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

182.    Plaintiff entered into a student loan agreement with Defendants which was an enforceable contract containing implied, definite, and certain terms.

183.    Plaintiff complied with all provisions of the contract and paid all charges billed.

184.    On or about 2012, Defendants approached Plaintiff to refinance his student loans and offered Plaintiff an interest rate at 5.99%.

185.    Defendant further offered Defendant a 0.25% interest rate discount if he enrolled in defendants' autopay program.

186.    Defendants offered and Plaintiff accepted Defendants' refinancing offer and enrolled in Defendants auto pay program and was guaranteed by Defendants to obtain a 0.25% reduction on his interest rate, which would be 5.74% interest rate.

187.    Plaintiff abided by his side of the agreement whereby automatic payments were taken directly out of Plaintiff's checking account by Defendants.

188.    Plaintiff never missed a monthly payment.

189.    Plaintiff never received any notice of a late payment.

190.    Plaintiff never breached the autopayment agreement.

191.    In August 2019, Plaintiff was diagnosed with stage IV esophageal cancer.

192.     Once being diagnosed with this terminal illness, Plaintiff commenced to undergo aggressive treatment, including chemotherapy.  As a result, Plaintiff was unable to work.

193.     On August 20, 2020, as a result of his terminal illness and diagnosis, Plaintiff was determined by the Social Security Administration to be 100% disabled.

194.     Plaintiff's sole sources of income derives from disability benefits.

195.     In December 2020, Plaintiff reviewed his credit and payment history with Defendants and discovered that Defendants had been systematically taking out of Plaintiff's account through auto pay payment and overcharging Plaintiff and interest of at 5.99%.

196.     Plaintiff discovered that for nearly 10 years, Defendants had breached auto pay agreement and systematic withdrew monies from Plaintiff's bank account through the auto payment feature and Defendant failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

197.     At all times mentioned herein, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein

198.     Defendants acknowledged the misconduct and unlawful electronic transfer, but at no time did Defendants reimburse Plaintiff.

199.     Defendants' agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, acknowledged to Plaintiff that Plaintiff had been overcharged.

200.     Instead of remedying this situation, Defendants' agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, stated to Plaintiff that since he was suffering from a terminal

illness, he should seek to get his loan forgiven and discharged rather than seek to collect on the amounts of being overcharged by Defendants and stated that Plaintiff would certainly qualify for loan forgiveness given his terminal illness and disability. Defendants suggested that Plaintiff not focus on the recovery of being overcharged and instead Defendant recommended that Plaintiff submit an application for a "Total and Permanent Disability Loan Discharge" of his student loans.

201.    Plaintiff then applied for a "Total and Permanent Disability Loan Discharge" (TPD) on his student loan debt based on his being permanently disabled based upon his terminal illness.

202.    Defendants' approved and then denied Plaintiff's application for a TPD.

203.    Defendants', through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, were acting malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

204.    Defendant submitted his application for the Total and Permanent Disability Discharge of Federal Student Aid.

205.    Defendants initially informed Plaintiff that his application had been approved.

206.    On January 18, 2022, Plaintiff was informed that his application was denied. Defendants sent Plaintiff an email stating in sum and substance the following:

> The TPD application outlines the requirements of the conditional approval and cites that a financial determination will be made to assess final discharge. It also states that if a member is receiving income, independent of their ability to work, that exceeds the poverty guideline for a family of two in your state of residence, the loan will not be approved for discharge.
>
> Unfortunately, at this time, you do not meet these requirements.

207.    Defendant breached the contract by overcharging and Plaintiffs and by refusing to approve Plaintiff Total and Permanent Disability Discharge of Federal Student Aid.

208.   As a result of Defendant's breach, Plaintiff has been damaged so far, in actual damages totaling over $20,000.00.

209.   Defendant acted without contractual or legal basis and in breach of the agreement.

210.   All of the foregoing, individually and collectively, constitute a breach of contract and Plaintiff is entitled to damages totaling over $10,000.00, including any interest set forth in the contract and any attorney's fees if set forth in the loan and refinance agreement in accordance with General Obligations Law § 5-327.

211.   Additionally, Plaintiff should be entitled to actual and punitive damages.  As a result of Defendants' egregious actions, omissions, and inaction, Plaintiff has suffered damage by loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to work with Defendant to remedy the actions set forth herein this complaint and Defendant has been obstinate, indifferent, and deceptive.

### FIFTH CAUSE OF ACTION
### AGAINST DEFENDANT MOHELA
### (Fair Debt Collection Practices Act)
### Violation of 15 U.S. Code § 1692f (1): Unfair practices

212.   Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

213.   15 U.S. Code § 1692f regulates unfair practices for debt collection and states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

214.    In particular, 15 U.S. Code § 1692f (1) states a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

215.    For nearly 10 years, Defendant MOHELA violated 15 U.S. Code § 1692f and 15 U.S. Code § 1692f (1) as a debt collection for Defendant Sofi by using unfair or unconscionable means in collecting the debt from Plaintiffs.   Defendant MOHELA unlawfully collected ..25% more than the agreed upon debt per month by systematically electronically withdrawing monies from Plaintiff's bank account through the auto payment feature and Defendant failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

216.    Defendant was made aware of their overcharging of Plaintiff and still failed to rectify the matter and after have full knowledge of the unlawful electronic transfer, Defendants continued to unlawfully collected 0.25% more than the agreed upon debt per month by systematically electronically withdrawing monies from Plaintiff's bank account through the auto payment feature and Defendant failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

217.    That Defendant violated 15 U.S. Code § 1692f (1) by attempting to collect a debt from Plaintiff that was not expressly authorized by the agreement.

218.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692f and is liable to Plaintiff therefor. Defendant is liable to Plaintiff for actual damages, punitive damages, statutory damages which can be up to $1,000, reasonable attorney's fees, costs, and damages.

219.    Pursuant to 15 U.S.C. § 1692f Plaintiffs should be entitled to punitive damages based on the egregious, deceptive and dishonest conduct as set forth in this complaint, including,

but not limited to the fact that Defendant was made aware of their conduct and still continued to violate Plaintiffs' rights and still continued to electronically transfer funds above the agreed upon price and based on Defendants abhorrent conduct in attempting to convince Plaintiff to not seek reimbursement and instead seek a loan discharge based on a disability and terminal illness and then denying him a loan discharge.

**SIXTH CAUSE OF ACTION**
**AGAINST DEFENDANT MOHELA**
**(Fair Debt Collection Practices Act)**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**
**False or misleading representations**

220.    Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

221.    15 U.S. Code § 1692e regulates false or misleading representations by debt collectors and states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

222.    In particular, 15 U.S. Code § 1692e (1)(e) further states in pertinent part that it is unlawful to seek collection and falsely represent "the character, amount, or legal status of any debt".

223.    15 U.S.C. § 1692e provides in pertinent part that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

224.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

225. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

226. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

227. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

228. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

229. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

230. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

231. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

232. For nearly 10 years, Defendant MOHELA violated 15 U.S. Code § 1692e and 15 U.S. Code § 1692e (1)(e) as a debt collection for Defendant Sofi by using false or misleading representations in collecting the debt from Plaintiffs and falsely representing "the character, amount, or legal status of any debt" when Defendant MOHELA unlawfully collected ..25% more

than the agreed upon debt per month by systematically withdrawing monies from Plaintiff's bank account through the auto payment feature and Defendant failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

233.    Defendant was made aware of their overcharging of Plaintiff and still failed to rectify the matter and after have full knowledge of the unlawful electronic transfer, Defendants continued to unlawfully collected ..25% more than the agreed upon debt per month by systematically electronically withdrawing monies from Plaintiff's bank account through the auto payment feature and Defendant failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

234.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

235.    For the foregoing reasons, Defendant MOHELA violated 15 U.S.C. § 1692e and is liable to Plaintiff therefor. Defendant is liable to Plaintiff for actual damages, punitive damages, statutory damages which can be up to $1,000, reasonable attorney's fees, costs, and damages. 15 U.S.C. §§ 1692k.

236.    Pursuant to 15 U.S.C. § 1692, Plaintiffs should be entitled to punitive damages based on the egregious, deceptive and dishonest conduct as set forth in this complaint, including, but not limited to the fact that Defendant was made aware of their conduct and still continued to violate Plaintiffs' rights and still continued to electronically transfer funds above the agreed upon price and based on Defendants abhorrent conduct in attempting to convince Plaintiff to not seek reimbursement and instead seek a loan discharge based on a disability and terminal illness and then denying him a loan discharge.

### SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANT MOHELA
### (Fair Debt Collection Practices Act)
### Violation of 15 U.S.C. §§ 1692d (5)(6)- Harassment or abuse

237.    Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

238.    15 U.S. Code § 1692d states that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including prohibiting of the causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number [15 U.S. Code § 1692d (5)] placing telephone calls without meaningful disclosure of the caller's identity. 15 U.S. Code § 1692d (6).

239.    Defendants granted Plaintiff his application for Total and Permanent Disability Loan Discharge and Defendant MOHELA violated this statute by subsequently needlessly and routinely calling Plaintiff demanding payment and sending him messages and voicemails seeking to intimidate and harass Plaintiff into making payment, including threatening him that if he failed to pay it would lead to damaging his credit.

240.    Defendants granted Plaintiff  a temporary forbearance in February and March 2022 and Defendant MOHELA violated this statute by subsequently needlessly and routinely calling Plaintiff during said forbearance period thereby demanding payment and sending him messages and voicemails seeking to intimidate and harass Plaintiff into making payment, including threatening him that if he failed to pay it would lead to damaging his credit.

241.    For the foregoing reasons, Defendant MOHELA violated 15 U.S.C. §§ 1692d and is liable to Plaintiff therefor. Defendant is liable to Plaintiff for actual damages, punitive damages, statutory damages which can be up to $1,000, reasonable attorney's fees, costs, and damages.

### EIGHT CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### General Business Law § 349 ("NYGBL § 349")

242.    Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

243.    New York GBL § 349 declares unlawful "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this State."

244.    GBL § 349(g) provides that § 349 "shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this State.

245.    GBL § 349(h) provides a private right of action to any person injured by reason of violation of that Section and authorized the court to award reasonable attorney's fees to the prevailing plaintiff. In relevant part, it provides:

> any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice and to recover his actual damages or $50, whichever is greater. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to $1,000 if the court finds the defendant intentionally and knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

246.    Defendants by its acts alleged and described herein, has committed a violation of GBL § 349.

247.    Defendants offered and Plaintiff accepted Defendants' refinancing offer and enrolled in Defendants auto pay program and was guaranteed by Defendants to obtain a ..25% reduction on his interest rate., which would be 5.74% interest rate.

Case 6:22-cv-06165-EAW   Document 1-1   Filed 04/06/22   Page 41 of 65

248.    Plaintiff abided by his side of the agreement whereby automatic payments were taken directly out of Plaintiff's checking account by Defendants.

249.    Plaintiff never missed a monthly payment.

250.    Plaintiff never received any notice of a late payment.

251.    Plaintiff never breached the autopayment agreement.

252.    In August 2019, Plaintiff was diagnosed with stage IV esophageal cancer.

253.    Once being diagnosed with this terminal illness, Plaintiff commenced to undergo aggressive treatment, including chemotherapy.  As a result, Plaintiff was unable to work.

254.    Plaintiff's sole sources of income derives from disability benefits.

255.    In December 2020, Plaintiff reviewed his credit and payment history with Defendants and discovered that Defendants Sofi's and MOHELA's had been systematically and unlawfully electronically transferring every month out of Plaintiff's banking account payments at an interest rate of at 5.99%. rather than the agreed upon rate of 5.74%.

256.    Plaintiff discovered that for nearly 10 years, Defendants had breached auto pay agreement and systematic withdrew monies from Plaintiff's bank account through the auto payment feature and Defendant failed to provide and give Plaintiff the agreed upon 0.25% interest rate reduction.

257.    At all times mentioned herein, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein

258.    Defendants acknowledged the misconduct and unlawful electronic transfer, but at no time did Defendants reimburse Plaintiff.

259.     Defendants' agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, acknowledged to Plaintiff that Plaintiff had been overcharged.

260.     Instead of remedying this situation, Defendants' agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, stated to Plaintiff that since he was suffering from a terminal illness, he should seek to get his loan forgiven and discharged rather than seek to collect on the amounts of being overcharged by Defendants and stated that Plaintiff would certainly qualify for loan forgiveness given his terminal illness and disability.  Defendants suggested that Plaintiff not focus on the recovery of being overcharged and instead Defendant recommended that Plaintiff submit an application for a "Total and Permanent Disability Loan Discharge" of his student loans.

261.     Defendants' actions were deceptive, dishonest and designed to further deceive and misdirect Plaintiff from seeking a recovery of Defendants' unlawful electronic transfer of monies out of plaintiff's account, which was without authorization and permission and not the amount agreed to by the parties.

262.     Plaintiff then applied for a "Total and Permanent Disability Loan Discharge" (TPD) on his student loan debt based on his being permanently disabled based upon his terminal illness.

263.     Defendants' approved and then denied Plaintiff's application for a TPD.

264.     Defendants', through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, were acting malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

Case 6:22-cv-06165-EAW   Document 1-1   Filed 04/06/22   Page 43 of 65

265.    Defendant submitted his application for the Total and Permanent Disability Discharge of Federal Student Aid.

266.    Defendants initially informed Plaintiff that his application had been approved.

267.    On January 18, 2022, Plaintiff was informed that his application was denied. Defendants sent Plaintiff an email stating in sum and substance the following:

> The TPD application outlines the requirements of the conditional approval and cites that a financial determination will be made to assess final discharge. It also states that if a member is receiving income, independent of their ability to work, that exceeds the poverty guideline for a family of two in your state of residence, the loan will not be approved for discharge.
>
> Unfortunately, at this time, you do not meet these requirements.

268.    Defendant engaged in an unauthorized assumption and exercise of the right of ownership over goods belonging to Plaintiff to the exclusion of the Plaintiff's rights.

269.    Plaintiff requested that he be refunded and paid all monies collected for the last 10 years, together with interest.

270.    Defendant has refused to reimburse Plaintiff.  Instead, Defendant deceptively recommended that Plaintiff should apply for a loan discharged based on his terminal illness and that he should not worry about recovering the monies that Defendant unlawfully electronically transferred out of his bank account.

271.    Then Defendants denied Plaintiff's application Total and Permanent Disability Loan Discharge" (TPD) notwithstanding the fact that Plaintiff FRANK LAVORATO, III is suffering from a terminal illness and has been diagnosed with stage IV esophageal cancer and as a result of his terminal illness and diagnosis, Plaintiff has been determined by both the Social Security Administration to be 100% disabled.

272.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

273.     That deceptive, dishonest, and misleading conduct, as well as the unlawful electronic transfer and other conduct set forth herein falls under a consumer-oriented conduct as required under GBL § 349.

274.     That these types of practices were in contravention to both Federal and State laws.

275.     These types of practices were deceitful and Defendant's business practices and policies denied Plaintiff and the Class due process.

276.     That the conduct on behalf of Defendants were deceptive and materially misleading to a reasonable consumer, and which caused actual damages, which have been set forth herein.

277.     As result of Defendants' misleading and deceptive conduct, plaintiffs suffered as a result of the allegedly deceptive act or practice.

278.     Defendants' conduct has a broader impact on consumers at large.     Upon information and belief, there are other members of the Class that have suffered from the same type of conduct committed against Plaintiff.

279.     As a result of the aforesaid violations of GBL § 349, Plaintiff has been damaged.

280.     Plaintiff is entitled to reasonable attorney's fees in accordance with GBL § 349.

281.     Defendants' conduct was willful and wanton and due to the willful and wanton nature Defendants' conduct and the need to deter same to prevent public harm and injury, Plaintiff demands punitive damages in the amount of $1,000,000.00, costs, disbursements and reasonable attorney's fees per each member of the Class and Plaintiff.

282.    Additionally, Plaintiff seeks actual and punitive damages based on the egregious, deceptive and dishonest conduct as set forth in this complaint, including, but not limited to the fact that Defendant was made aware of their conduct and still continued to violate Plaintiffs' rights and still continued to electronically transfer funds above the agreed upon price and based on Defendants abhorrent conduct in attempting to convince Plaintiff to not seek reimbursement and instead seek a loan discharge based on a disability and terminal illness and then denying him a loan discharge.

283.    Additionally, Plaintiff should be entitled to actual and punitive damages.  As a result of Defendants' egregious actions, omissions, and inaction, Plaintiff has suffered damage by loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to work with Defendant to remedy the actions set forth herein this complaint and Defendant has been obstinate, indifferent, and deceptive.

## NINTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### Declaratory Judgment

284.    Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

285.    There is now existing between the parties to this action an actual, justiciable controversy in respect to which plaintiff is entitled to have a declaration of its rights and further

relief, including a mandatory injunction, because of the facts, conditions, and circumstances hereinafter set out.

286.    Indeed, an actual controversy exists between Plaintiff and Defendant with respect to whether Plaintiff should be entitled to Total and Permanent Disability Loan Discharge (TPD) on his student loan debt based on Plaintiff being permanently disabled as a result of his terminal illness.

287.    In August 2019, Plaintiff was diagnosed with stage IV esophageal cancer.

288.    Once being diagnosed with this terminal illness, Plaintiff commenced to undergo aggressive treatment, including chemotherapy.  As a result, Plaintiff was unable to work.

289.    Plaintiff's sole sources of income derives from disability benefits.

290.    Plaintiff applied for a "Total and Permanent Disability Loan Discharge" (TPD) on his student loan debt based on his being permanently disabled based upon his terminal illness.

291.    Defendants' approved and then denied Plaintiff's application for a TPD.

292.    Defendants', through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein, were acting malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

293.    Defendant submitted his application for the Total and Permanent Disability Discharge of Federal Student Aid.

294.    Defendants initially informed Plaintiff that his application had been approved.

295.    On January 18, 2022, Plaintiff was informed that his application was denied. Defendants sent Plaintiff an email stating in sum and substance the following:

> The TPD application outlines the requirements of the conditional
> approval and cites that a financial determination will be made to

assess final discharge. It also states that if a member is receiving income, independent of their ability to work, that exceeds the poverty guideline for a family of two in your state of residence, the loan will not be approved for discharge.

Unfortunately, at this time, you do not meet these requirements.

296.    Plaintiff has standing and jurisdiction to sue for a declaratory judgment here in New York State and under Federal Law, if removed, since there are actual damages and this matter is justiciable in this Court under Article III of the United States Constitution.

297.    That Plaintiff seeks a declaratory judgment stating that plaintiff, who has been suffering from a terminal illness after being diagnosed with stage IV esophageal cancer, qualifies for the "Total and Permanent Disability Loan Discharge" (TPD) of his student loan debt and that his student loans should be completed discharged.

### TENTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### SIXTH CAUSE OF ACTION
### (Injunctive Relief)

298.    Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

299.    Finally, this action seeks a preliminary and permanent injunction ordering Defendants to cease and desist from collecting payment during the pendency of this proceeding and from engaging in the unfair, unlawful, and/or fraudulent business practices alleged herein.

### JURY DEMAND

300.    Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment against Defendants for each cause of action set forth herein as follows:

1.  That the Court enter an order certifying the Class, appointing Plaintiffs as representatives of the Class, appointing Plaintiffs' counsel as class counsel, and directing that reasonable notice of this action, as provided by Article 9 of the CPLR be given to the Class or if removed to Federal Court, under Federal Rule of Civil Procedure 23(c)(2).

2.  For general, actual, specific, and punitive damages, including restitution, costs, disbursements, and reasonable attorney's fees against all Defendant for an amount to be proven at trial based on Plaintiff's first cause of action based on Defendants' violations of The Electronic Funds Transfer Act. 15 U.S.C. § 1693 ET seq.])

3.  For general, specific, and compensatory damages, and actual damages, costs, disbursements, including restitution against all Defendants, in an amount to be proven at trial based on Plaintiff's second, third and fourth causes of actions.

4.  For statutory, actual, and punitive damages, including costs, disbursements and reasonable attorney's fees entered against Defendant MOHELA pursuant to the Plaintiff's Fifth, Sixth and Seventh Causes of Action for violating Plaintiff's rights under FDCPA ( 15 U.S.C. § 1692), including 15 U.S. Code § 1692f and 15 U.S.C. §§ 1692e and 15 U.S.C. § 1692k.

5.  For statutory, actual, and punitive damages, including costs, disbursements and reasonable attorney's fees entered against all Defendants pursuant to the Plaintiff's Eight Cause of action pursuant to General Business Law § 349.

6.  That the Court issue a declaratory judgment pursuant to the Plaintiff's Ninth Cause of action stating that plaintiff, who has been suffering from a terminal illness after being diagnosed with stage IV esophageal cancer,  qualifies for the "Total and Permanent Disability Loan Discharge" (TPD) of his student loan debt and that his student loans should be completed discharged.

7.  For punitive and exemplary damages as permitted by law.

8.  For a preliminary and permanent injunction pursuant to the Plaintiff's Tenth Cause of action ordering Defendants to cease and desist from collecting payment during the pendency of this proceeding and from engaging in the unfair, unlawful, and/or fraudulent business practices alleged herein.

9.    That the Court enter an Order finding that all Defendants are jointly and severally liable for all damage caused to Plaintiffs and the Class members.

10. For prejudgment and post-judgment interest as provided by law.

11. For costs of suit, including reasonable attorneys' fees; and

12. That the Court grant such other and further relief as may deem just, equitable and proper.

Dated: March 2, 2022
Jericho, New York

/s/

By:    Gregory Goodman, Esq.
The Law Office of Gregory A. Goodman, P.C.
Attorneys for the Plaintiff
380 North Broadway, Suite 305
Jericho, New York 11753
(516) 597-5840 | (631) 656-8180 (Office)
(866) 415-1019 (Facsimile)
(631) 357-2934 (Cell)
ggoodman@gganylaw.com (Email)
**File No.: D-1326 (Lavorato)**

SUPREME COURT OF THE STATE OF NEW YORK, **Index No.**
COUNTY OF LIVINGSTON

FRANK LAVORATO, III, individually and on behalf of all
others situated consumers and debtors with student loans,

Plaintiff,

**AFFIRMATION**

-Against-

MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a
MOHELA and SoFi LENDING CORP.,

Defendant.

STATE OF NEW YORK)
COUNTY OF NASSAU)          ss.

**ATTORNEYS VERIFICATION AND CERTIFICATION PURSUANT TO § 130-1**:

    I, GREGORY A. GOODMAN, ESQ., an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York and a member with the Law Office of Gregory A. Goodman, P.C, attorneys for plaintiff herein, affirms the following to be true under penalties of perjury:

    I have read the foregoing **COMPLAINT** and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

    The reason this verification is made by deponent and not by plaintiff is that plaintiff resides in a county other than the one in which your deponent's office is maintained.

    The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

Dated:  March 2, 2022
         Jericho, New York

By: GREGORY A. GOODMAN, ESQ.

File No.: D-1326 (Lavorato)

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF **Index No.**
LIVINGSTON

FRANK LAVORATO, III, individually and on behalf of all others
situated consumers and debtors with student loans,

Plaintiff,

-Against-

MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a
MOHELA and SoFi LENDING CORP.,

Defendant.

PURSUANT TO SECTION 130-1 OF THE RULES OF THE CHIEF ADMINISTRATOR (22 NYCRR) I CERTIFY THAT TO
THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE
UNDER THE CIRCUMSTANCES, THE WITHIN SUMMONS AND VERIFIED COMPLAINT ARE NOT FRIVOLOUS

By: GREGORY A. GOODMAN, ESQ.

Notice Pursuant to CPLR 2103(5) declining service by electronic transmittal

## SUMMONS AND COMPLAINT

By: Gregory Goodman, Esq.
The Law Office of Gregory A. Goodman, P.C.
Attorneys for the Plaintiff
380 North Broadway, Suite 305
Jericho, New York 11753
(516) 597-5840 | 631) 656-8180 (Office)
(866) 415-1019 (Facsimile)
(631) 357-2934 (Cell)
ggoodman@gganylaw.com (Email)
**File No.: D-1326 (Lavorato)**

To:

Attorney for defendant

Service of a copy of the within SUMMONS AND COMPLAINT is hereby admitted.

Dated:

Attorney for Defendant

**File No.: D-1326 (Lavorato)**

# EXHIBIT A
# TAB 2



**Andrea K. Bailey, County Clerk**
Livingston County Government Center
6 Court Street, Room 201
Geneseo, New York  14454
(585) 243-7010 ~ Fax (585) 243-7928

# Livingston County Clerk Recording Page

**Received From:**

    GREGORY ADAM GOODMAN
    380 BROADWAY SUITE 305
    JERICHO, NY 11753

**Return To:**

    GREGORY ADAM GOODMAN
    380 BROADWAY SUITE 305
    JERICHO, NY 11753

Document Type:  **CIVIL ACTION - MISC**

Document Desc: **AFFIRMATION/AFFIDAVIT OF SERVICE**

| Plaintiff |
|---|
| LAVORATO FRANK  III<br>   *individually and on behalf of all others situated consumers and debtors with student loans,* |

| Defendant |
|---|
| MISSOURI HIGHER EDUCATION LOAN AUTHORITY<br>   *d/b/a MOHELA and*<br>SoFi LENDING CORP., |

| Recorded Information: |
|---|
| Index #: 000140-2022 |

State of New York
County of Livingston

EFiling through NYSCEF

*[signature]*

Livingston County Clerk

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

AKB

Case 6:22-cv-06165-EAW Document 1-13 Filed 04/06/22 Page 54 of 65

STATE OF NEW YORK
COUNTY OF LIVINGSTON          SUPREME COURT      FILED ON: 3/2/2022      INDEX NO.: 000140-2022

FRANK LAVORATO, III, et al.

Plaintiff(s)-Petitioner(s)

-vs-

MISSOURI HIGHER EDUCATION, et al.

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY          being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On MARCH 15, 2022          at 2:00 P.M.
Deponent served two true copies of **NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES, SUMMONS AND VERIFIED COMPLAINT**

bearing index number: 000140-2022          and date of filing: 3/2/2022
upon **MISSOURI HIGHER EDUCATION LOAN AUTHORITY D/B/A MOHELA**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

## MANNER OF SERVICE}

*Personal*
☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving 1 copy with} **NANCY DOUGHERTY, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 307 BCL and tendering the required fee.
Service having made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above. Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*
☒ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address CORPORATION SERVICE COMPANY, 80 STATE STREET ALBANY, NY 12207 on 3/15/2022. The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by __certified mail X_ registered mail X return receipt requested. Notice of service upon the Secretary of State was enclosed. Certified or Registered #: RE 674 923 397 US

## DESCRIPTION} deponent describes the person actually served as:
Sex: FEMALE          Race/Skin Color: WHITE          Hair Color: BROWN
Approximate Age: 60  years    Approximate Height: 5'4"      Approximate Weight: 130  pounds
Other:

Subscribed and sworn before me on} MARCH 15, 2022

_____          Attorney:                    _____
Notary Public, State of New York     The Law Office of Gregory A.      MARK E. MCCLOSKY
Karen E. Rock                        Goodman P.C.
Qualified in Schenectady County      380 North Broadway, Suite 203     Deponent
Number 01R06065213                   Jericho, New York 11753
Expires: October 9, 2025             (516)-597-5840-

          affidavit #: 248476          FIRM FILE # 2268316
          NLS#: 22-1928



Registered No.

Postage $ 19.56

Extra Services & Fees

☐ Registered Mail $

☐ Return Receipt (hardcopy) $

☐ Return Receipt (electronic) $

☐ Restricted Delivery $

Customer Must Declare Full Value $

Extra Services & Fees (continued)

☐ Signature Confirmation $

☐ Signature Confirmation Restricted Delivery $

Total Postage & Fees $

Received by

Domestic Insurance up to $50,000 is included based upon the declared value. International Indemnity is limited. (See Reverse).

**OFFICIAL USE**

FROM

MISSOURI HIGHER EDUCATION LOAN AUTHORITY
D/B/A MOHELA
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207

PS Form 3806, Registered Mail Receipt
April 2015, PSN 7530-02-000-9051        (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

EXHIBIT A
TAB 3



**Andrea K. Bailey, County Clerk**
Livingston County Government Center
6 Court Street, Room 201
Geneseo, New York 14454
(585) 243-7010 ~ Fax (585) 243-7928

# Livingston County Clerk Recording Page

**Received From:**

  GREGORY ADAM GOODMAN
  380 BROADWAY SUITE 305
  JERICHO, NY 11753

**Return To:**

  GREGORY ADAM GOODMAN
  380 BROADWAY SUITE 305
  JERICHO, NY 11753

Document Type: **CIVIL ACTION - MISC**

Document Desc: **AFFIRMATION/AFFIDAVIT OF SERVICE**

| Plaintiff |
|---|
| LAVORATO FRANK  III<br>  *individually and on behalf of all others situated consumers and debtors with student loans,* |

| Defendant |
|---|
| MISSOURI HIGHER EDUCATION LOAN AUTHORITY<br>  *d/b/a MOHELA and*<br>SoFi LENDING CORP., |

| Recorded Information: |
|---|
| Index #: 000140-2022 |

State of New York
County of Livingston

EFiling through NYSCEF

Livingston County Clerk

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

AKB

**Do Not Detach**
1 of 2

## AFFIDAVIT OF SERVICE

SUPREME COURT OF THE STATE OF NEW YORK: COUNTY OF LIVINGSTON

| | |
|---|---|
| Index #: | 000140-2022 |
| Date Filed: | March 2, 2022 |
| Court Date: | |
| Assigned Justice: | |

ATTORNEY(S):THE LAW OFFICE OF GREGORY A GOODMAN, P.C.,     PH: (516) 597-5840
ADDRESS:  380 NORTH BROADWAY SUITE # 305 JERICHO, NY 11753 File No.: 000140-2022

*FRANK LOVARATO, III, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SITUATED CONSUMERS AND DEBTORS WITH STUDENT LOANS*

*Plaintiff*

*VS.*

*MISSOURI HIGHER EDUCATION LOAN AUTHORITY D/B/A MOHELA AND SOFI LENDING CORP.,*

*Defendant*

STATE OF Missouri     , COUNTY OF  SAINT LOUIS     SS.:
_____PAM KING WHEETLEY_____, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in Missouri. On     **Monday, March 7, 2022**     at     **10:41 AM** .

at     **633 SPIRIT DRIVE, CHESTERFIELD, MO 63005**     deponent served the within

NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES, SUMMONS AND VERIFIED COMPLAINT

on: _____     **MISSOURI HIGHER EDUCATION LOAN AUTHORITY D/B/A MOHELA**_____

Defendant therein named.

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

#1 CORPORATION By delivering to and leaving with     **MOHELA SCOTT LOUSE, ASST GENERAL COUNSEL** and that deponent knew the person
☒     so served to be the authorized agent of the corporation, and said person stated that he/she was authorized to accept service on behalf of the corporation.

#2 DESCRIPTION     A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
☒     Sex:  Male     Color of skin:  White     Color of hair:  Brown     Age:  30-39     Height:  Over 6ft
(use with #1, 2 or 3)     Weight:  161-200 lbs     Other Features:

#3 WIT. FEES
☐     $ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

#4 OTHER
☐

KENNETH L. WHEETLEY
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: January 11, 2026
Commission Number: 18022846

Sworn to before me on  3 - 21 - 22

PAM KING WHEETLEY
Server's Lic # 650
InvoiceWorkOrder 2268319

*One World Judicial Services, Inc. - PO Box 776-Deer Park NY 11729     Lic # 1310235*

EXHIBIT A
TAB 4

FILED: LIVINGSTON COUNTY CLERK 03/22/2022 04:29 PM INDEX NO. 000140-2022
NYSCEF DOC. NO. 4    Case 6.22-cv-06165-EAW    Document 1-1    Filed 04/06/22    Page 60 of 65    RECEIVED NYSCEF: 03/22/2022



**Andrea K. Bailey, County Clerk**
Livingston County Government Center
6 Court Street, Room 201
Geneseo, New York 14454
(585) 243-7010 ~ Fax (585) 243-7928

# Livingston County Clerk Recording Page

**Received From:**

    GREGORY ADAM GOODMAN
    380 BROADWAY SUITE 305
    JERICHO, NY 11753

**Return To:**

    GREGORY ADAM GOODMAN
    380 BROADWAY SUITE 305
    JERICHO, NY 11753

Document Type: **CIVIL ACTION - MISC**

Document Desc: **AFFIRMATION/AFFIDAVIT OF SERVICE**

| Plaintiff |
|---|
| LAVORATO FRANK III<br>   *individually and on behalf of all others situated consumers and debtors with student loans,* |

| Defendant |
|---|
| MISSOURI HIGHER EDUCATION LOAN AUTHORITY<br>   *d/b/a MOHELA and*<br>SoFi LENDING CORP., |

| Recorded Information: |
|---|
| Index #: 000140-2022 |

State of New York
County of Livingston

EFiling through NYSCEF

*Andrea K Bailey*

Livingston County Clerk

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

AKB

**Do Not Detach**
1 of 2

STATE OF NEW YORK
COUNTY OF LIVINGSTON                    SUPREME COURT    FILED ON: 3/2/2022    INDEX NO.: 000140-2022

FRANK LAVORATO, III, et al.                                    Plaintiff(s)-Petitioner(s)

-vs-

MISSOURI HIGHER EDUCATION, et al.
                                                              Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY                being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On  MARCH 15, 2022                at 2:00 P.M.
Deponent served two true copies of  **NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES, SUMMONS AND VERIFIED COMPLAINT**

bearing index number: **000140-2022**         and date of filing: 3/2/2022
upon **SOFI LENDING CORP.**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

## MANNER OF SERVICE}

*Personal*
☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving 2 copies with}  **NANCY DOUGHERTY, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 306 BCL and tendering the required fee. Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above. Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*
☐ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address
on             . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by ___ first class mail ___ certified mail ___ registered mail ___ return receipt requested.

## DESCRIPTION} deponent describes the person actually served as:
Sex: FEMALE              Race/Skin Color: WHITE          Hair Color: BROWN
Approximate Age: 60  years   Approximate Height:  5'4"   Approximate Weight: 130   pounds
Other:

Subscribed and sworn before me on}  MARCH 15, 2022

_____
Notary Public, State of New York
Karen E. Rock
Qualified in Schenectady County
Number 01R06065213
Expires: October 9, 2025

affidavit #: 248477
NLS#: 22-1928

Attorney:
The Law Office of Gregory A.
Goodman P.C.
380 North Broadway, Suite 203
Jericho, New York 11753
(516)-597-5840-

FIRM FILE # 2268320

_____
MARK E. MCCLOSKY
Deponent

EXHIBIT A
TAB 5



**Andrea K. Bailey, County Clerk**
Livingston County Government Center
6 Court Street, Room 201
Geneseo, New York 14454
(585) 243-7010 ~ Fax (585) 243-7928

# Livingston County Clerk Recording Page

Received From:

    GREGORY ADAM GOODMAN
    380 BROADWAY SUITE 305
    JERICHO, NY 11753

Return To:

    GREGORY ADAM GOODMAN
    380 BROADWAY SUITE 305
    JERICHO, NY 11753

Document Type: **CIVIL ACTION - MISC**

Document Desc: **AFFIRMATION/AFFIDAVIT OF SERVICE**

| Plaintiff |
|---|
| LAVORATO FRANK III<br>   *individually and on behalf of all others situated consumers and debtors with student loans,* |

| Defendant |
|---|
| MISSOURI HIGHER EDUCATION LOAN AUTHORITY<br>   *d/b/a MOHELA and*<br>SoFi LENDING CORP., |

| Recorded Information: |
|---|
| Index #: 000140-2022 |

State of New York
County of Livingston

EFiling through NYSCEF

*[signature]*

Livingston County Clerk

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

AKB

**Do Not Detach**

1 of 3

**Supplemental Affidavit of Service/Mailing**

**Supreme Court of the State of New York**                              **Index No.: 000140-2022**
**County of Livingston**

---

**FRANK LOVARATO, III, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SITUATED CONSUMERS AND
DEBTORS WITH STUDENT LOANS**                                     **Plaintiff (s)**

**-against-**
**MISSOURI HIGHER EDUCATION LOAN AUTHORITY D/B/A MOHELA AND SOFI LENDING CORP.,**
                                                              **Defendant (s)**

---

**Mark E McClosky, being duly sworn and says:**

**I am over the age of 18 years and am not a party to this action.  On March 15, 2022, I sent on behalf of
the Plaintiff herein a copy of the NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME
COURT CASES, SUMMONS AND VERIFIED COMPLAINT with notice of the service upon the Secretary of
State thereof to, MISSOURI HIGHER EDUCATION LOAN AUTHORITY, the defendant herein by
REGISTERED MAIL # RF 674 923 397 US in a securely sealed envelope with sufficient postage thereon
with return receipt requested addressed to:**

**MISSOURI HIGHER EDUCATION LOAN AUTHORITY D/B/A MOHELA**
**C/O CORPORATION SERVICE COMPANY**
**80 STAT STREET**
**ALBANY NY 12207**

**ATTACHED HERETO AND MADE A PART HEREOF IS THE**
**X       RETURN RECEIPT FROM THE DEFENDANT**

**Sworn to before me this _____28_____ day of
March, 2022**

JENNIFER SIMMONS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SI6332918
Qualified in Suffolk County
My Commission Expires 11-09-2023

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

1.

MISSOURI HIGHER EDUCATION LOAN AUTHORITY
D/B/A MOHELA
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

CSC   3/16/22

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 6988 1225 0441 20

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... il
☐ ... ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

RE 674 923 397 US

3 of (over 600)

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt